UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS QUINTANILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-01956-LJO-BAM PC<br><br>ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT FORM AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>(ECF No. 1) |

On December 2, 2013, a complaint bearing the name of Luis Quintanilla ("Plaintiff") was received and filed.[1] The complaint is not signed and it sets forth no intelligible claims for relief. The Court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason. Plaintiff has thirty days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[2] Plaintiff also must either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

---

[1] The complaint arrived in an envelope, which bore the name of Young Yil Jo, who is also at the Etowah County Jail. The envelope contained twenty separate complaints. Mr. Jo's abusive litigation tactics are well known in this district, and based on Mr. Jo's filing history and the lack of a signature on the complaint, the Court cannot determine whether or not Mr. Quintanilla authorized the filing of this action.

[2] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is stricken from the record for lack of signature;

2. The Clerk's Office shall send Plaintiff a <u>Bivens</u> complaint form and an application to proceed in forma pauperis;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and

4. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: __December 3, 2013__            /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

---

action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; <u>Moss</u>, 572 F.3d at 969.